1
2
3
4
5
6                **UNITED STATES DISTRICT COURT**
7                    **DISTRICT OF NEVADA**
8
9  UNITED STATES OF AMERICA,              )
                                          )
10                        Plaintiff,       )        Case No.  2:06-cr-00234-PMP-GWF
                                          )
11 vs.                                    )        **FINDINGS & RECOMMENDATIONS**
                                          )
12 JONATHAN LEON TOLIVER and             )
   DONNIE BRYANT,                         )
13                                        )
                          Defendants.     )
14 _____ )

15        This matter is before the Court on Defendant Jonathan Toliver's Motion to Dismiss for

16 Insufficiency of Indictment (#28), filed on November 16, 2006; the Government's Response to Motion

17 to Dismiss for Insufficiency of Indictment (#36), filed on November 30, 2006; Defendant Donnie

18 Bryant's Joinder in Motion to Dismiss for Insufficiency of Indictment (#56), filed on January 12, 2007;

19 and Defendant Toliver's Reply to Prosecution's Response to Motion to Dismiss for Insufficiency of

20 Indictment (#40), filed on December 5, 2006.  The Court conducted a hearing in this matter on February

21 2, 2007.

22                    **FACTUAL BACKGROUND**

23        Defendants Jonathan Toliver and Donnie Bryant are charged in a thirty six (36) count

24 Superceding Indictment (#18), filed on October 24, 2006.  Count One of the indictment charges the

25 Defendants with committing a violent crime in aid of racketeering activity in violation of 18 U.S.C. §

26 1959.  The indictment alleges that "beginning on an unknown date and continuing until on or about

27 February 2005," the Defendants were associated with "Squad Up, a criminal organization, whose

28 members and associates engaged in acts of violence, including acts involving murder and threat of

1   murder, attempted murder, robbery, and drug trafficking." *Superceding Indictment* (#28), ¶ 1.  The

2   indictment further alleges that beginning on an unknown date and continuing until on or about February

3   2005, members of other criminal gangs, including the Gerson Park Kingsmen, formed Squad Up to

4   engage in the foregoing criminal acts and that "this coalition allowed members and associates of Squad

5   Up to avoid detection by law enforcement, to expand turf and to enlarge drug trafficking operations."

6   *Id.*  The indictment alleges that Squad Up operated principally in Las Vegas, Nevada and North Las

7   Vegas, Nevada, including places known locally as the Big Carey Arms, Little Carey Arms and 40

8   Block.  *Id.*  The indictment alleges that Squad Up, including its leadership, members and associates

9   constituted an enterprise within the meaning of 18 U.S.C. § 1959(b)(2).  *Id.*, ¶ 2.

10       Paragraph 3 generally sets forth the alleged purposes of the enterprise which included drug

11   trafficking, the use of violent crimes to preserve and protect the power, territory and profits of Squad

12   Up, create a marketplace for its distribution of controlled substances, protect members and associates

13   from detection, apprehension and prosecution by law enforcement, to deal with rivals against the

14   enterprise and its members, and to promote, enhance and maintain the reputation and standing of the

15   enterprise and its members.  *Id.*  Paragraph 4 describes in general fashion the means and methods by

16   which the Defendants and their associates conducted and participated in the conduct of the affairs of the

17   enterprise, including committing acts of violence, murder and robbery, promoting a climate of fear

18   through violence and threats of violence, trafficking in crack cocaine, marijuana and guns, and

19   committing burglaries and home invasions.

20       Paragraph 6 alleges that on September 13, 2004, Defendants Toliver and Bryant, "and others

21   known and unknown, as consideration for the receipt of, and as consideration for a promise and

22   agreement to pay, anything of pecuniary value from Squad Up, and for the purpose of gaining entrance

23   to and maintaining and increasing position in Squad Up, ... did knowingly and intentionally murder

24   Gilbert Henry with malice aforethought."  The remaining counts of the indictment charge Defendants

25   with additional crimes committed by them on September 13, 2004, including conspiracy to murder

26   Jarbirey Carter, the attempted murder of and/or assault with a deadly weapon upon Jarbirey Carter,

27   Kissie Allen, Phyllis Fairley, Quentin Sturgeon, and Paul Marigny, and use of a firearm during and in

28   relation to a crime of violence in regard to these alleged crimes.

1

### DISCUSSION

2       Defendants challenge the sufficiency of Count One of the indictment charging them with

3  commission of a violent crime in aid of racketeering activity in violation of 18 U.S.C. §1959.

4  Defendants argue that Count One is the hinge to federal jurisdiction over the other crimes charged in

5  the indictment: murder, conspiracy to murder, attempted murder and assault with a dangerous weapon,

6  which would otherwise be state crimes. Thus, to the extent that the violation of 18 U.S.C. §1959 is

7  insufficiently charged in Count One, Defendants argue that the entire indictment should be dismissed.

8       An indictment "must be a plain, concise and definite written statement of essential facts

9  constituting the offense charged." Fed.R.Crim. Pro. 7(c)(1).  The indictment must furnish the defendant

10  with a sufficient description of the charges against him to enable him to prepare his defense, to ensure

11  that the defendant is prosecuted on the basis of acts presented to the grand jury, to enable him to plead

12  jeopardy against a later prosecution, and to inform the court of the facts alleged so that it can determine

13  the sufficiency of the charge.  *United States v. Cecil*, 608 F.2d 1294, 1296 (9th Cir. 1979), citing

14  *Russell v. United States*, 369 U.S. 749, 763, 768 n.15, 771, 82 S.Ct. 1038.  Generally, an indictment is

15  sufficient if it sets forth the elements of the charged offense so as to ensure the right of the defendant

16  not to be placed in double jeopardy and to be informed of the offense charged.  *United States v.*

17  *Rodriguez*, 360 F.3d 949, 958 (9th Cir. 2004).

18       In *United States v. Fernandez*, 388 F.3d at 1219-20*,* which involved an indictment under §

19  1959, the court further states:

20            We have held that an indictment setting forth the elements of the offense
is generally sufficient.  *See United States v. Woodruff*, 50 F.3d at 676 ("in

21            the Ninth Circuit, '[t]he use of a 'bare bones' information –that is one
employing the statutory language alone – is quite common and entirely

22            sufficient so long as the statute sets forth fully, directly and clearly all
essential elements of the crime to be punished'") (quoting *United States*

23            *v. Crow*, 824 F.2d 761, 762 (9th Cir. 1987).

24       In order to establish a violation of 18 U.S.C. §1959, the government must prove the following

25  elements when proceeding under the "status crime" theory of the statute: (1) that the criminal

26

27

28

3

organization exits; (2) that the organization is a racketeering enterprise[1]; (3) that the defendants committed a violent crime; and (4) that they acted for the purpose of promoting their position in the racketeering enterprise. *United States v. Fernandez*, 388 F.3d 1199,1219-20 (9th Cir. 2004), citing *United States v. Bracy*, 67 F.3d 1421, 1429 (9th Cir. 1995) (citing *United States v. Vasquez-Velasco*, 15 F.3d 833,842 (9th Cir. 1994)).  In addition, a required fifth element of the crime is a nexus to interstate commerce.  *United States v. Fernandez*, 388 F.3d at 1220, n. 10.  To make its case, the government must prove that the enterprise existed and was engaged in racketeering activity separate and distinct from the acts charged in the indictment.  *United States v. Bracy,* 67 F.3d at 1429.

In *Fernandez*, the defendants argued that the counts in the indictment charging them with violation of 18 U.S.C. §1959 were insufficient because it failed to adequately plead motive and intent.  The government pointed out, however, that the indictment made a general allegation that the challenged counts, among others, were committed for the "purpose of maintaining and increasing the positions of the specified defendants in the Mexican Mafia."  The court held that the indictment expressly alleged the required elements of the statute and was therefore sufficient.  *Fernandez,* 388 F.3d at 1220.

Defendants raise three issues in support of their argument that the indictment is insufficient.  First, they argue that the indictment provides no notice of the time period during which the alleged racketeering enterprise, Squad Up, existed.  Second, indictment alleges that Defendants Toliver and Bryant were "associates" of Squad Up, but does not identify any "members" of Squad Up.  Third, the indictment fails to specify the separate and distinct acts or predicate offenses that render Squad Up a criminal enterprise under the racketeering laws.

As to the time period in which the enterprise existed, the indictment alleges that "beginning on

---

[1]18 U.S.C. § 1959(b)(2) states that "'enterprise' includes any partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact, although not a legal entity, which is engaged in, or the activities of which affect, interstate or foreign commerce."  Under § 1959(a), the enterprise must be engaged in racketeering activity.  Section 1959(b)(1) states that racketeering activity has the meaning set forth in 18 U.S.C. § 1961, which defines racketeering activity as any "act or threat" involving various listed criminal acts including, among others, murder, robbery or dealing in a controlled substance or listed chemical.

1   an unknown date and continuing until on or about February 2005, the Defendants were associated with

2   "Squad Up, a criminal organization, whose members and associates engaged in acts of violence,

3   including acts involving murder and threat of murder, attempted murder, robbery, and drug trafficking."

4   *Superceding Indictment* (#28), ¶ 1.  In *United States v. Bracy*, which concerned the sufficiency of the

5   evidence at trial and not the adequacy of the indictment, the court stated:

6               To make its case, the government had to prove the enterprise existed and
7               was engaged in racketeering activity separate and distinct from the acts
                charged in count eight.  *Vasquez-Velasco*, 15 F.3d at 842; *United States v.
                Bledsoe*, 674 F.2d 647, 664 (8th Cir.), *cert. denied* 459 U.S. 1040, 103
8               S.Ct. 456, 74 L.Ed.2d 608 (1982).  The government presented ample
                testimony regarding the structure of Regas's organization, and showed
9               that it was engaged in racketeering activity before and after the Herrera
                kidnaping.

10

11  *Bracy*, 67 F.3d at 1429.

12          In *United States v. Garfinkle,* 842 F.Supp. 1284, 1292 (D. Nev. 1993), which involved the same

13  case as *Bracy*, the court also stated:

14              For an "enterprise" to be "engaged in" racketeering activity we think it is
                enough to show that the "enterprise" is currently involved in the
15              commission of an act of racketeering activity.  By this, we don't mean
                that the enterprise must be committing an act of racketeering activity at
16              the same exact instant as the underlying crime of violence.  We only
                mean that the enterprise must have committed or is planning to commit
17              some racketeering activity within a period of time that is short enough
                under the circumstances so that it is fair to deem the enterprise as
18              "engaged in racketeering activity."

19          At trial, the Government will be required to present proof beyond a reasonable doubt that Squad

20  Up existed as an enterprise engaged in racketeering activity at the time Defendants committed the

21  crimes charged in the indictment on September 13, 2004 and that they acted for the purpose of

22  promoting their position in the racketeering enterprise.  *See United States v. Fernandez*, 388 F.3d 1199,

23  1219-20 (9th Cir. 2004).  In this respect, the indictment sufficiently tracks the language of 18 U.S.C. §

24  1959 in alleging that on September 13, 2004, Defendants Toliver and Bryant, "and others known and

25  unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay,

26  anything of pecuniary value from Squad Up, and for the purpose of gaining entrance to and maintaining

27  and increasing position in Squad Up, ... did knowingly and intentionally murder Gilbert Henry with

28  malice aforethought."

5

1    The fact that the indictment does not specify a beginning date when Squad Up came into

2    existence or when Defendants first became associated with Squad Up does not deprive the Defendants

3    of the ability to prepare their defense or deprive them of the ability to plead jeopardy against a later

4    prosecution.  Nor does it present the Court with a genuine question whether the Defendants are being

5    prosecuted on the basis of acts actually presented to the grand jury.  Defendants' reliance on *United*

6    *States v. Cecil*, 608 F.2d 1294, 1296 (9th Cir. 1979), in this regard is misplaced.  In *Cecil*, the

7    defendants were charged with conspiracy to distribute controlled substances.  The indictment was open-

8    ended both as to when the conspiracy began and when it ended and contained no information as to

9    when defendants committed any acts in furtherance of the conspiracy that would place the conspiracy

10   within any time frame.  Thus, the defendants had no adequate notice of the existence of the conspiracy

11   with which they were charged, and there was no assurance that the alleged crime for which they were

12   tried was the same as that which was presented to the grand jury.  Under § 1959, however, the

13   Government must establish that Squad Up was an enterprise engaged in racketeering at the time of the

14   murder allegedly committed by Defendants on September 13, 2004 and that Defendants committed the

15   murder for the purpose of promoting their position in Squad Up.  Thus, the indictment provides

16   sufficient notice as to when the enterprise existed in conformity with the elements of the statute by

17   alleging that Squad Up was an existing enterprise engaged in racketeering activity when the Defendants

18   committed the alleged crime on September 13, 2004.

19   Defendants' second and third attacks on the sufficiency of the indictment are that it does not

20   identify any "members" of Squad Up or specify the particular predicate offenses, by date, identity of

21   victim or perpetrator, that rendered Squad Up an enterprise engaged in racketeering activity.  While the

22   indictment does not contain this level of specificity, it does allege that Squad Up's members and

23   associates engaged in acts of violence, including acts involving murder and threat of murder, attempted

24   murder, robbery, and drug trafficking."  *Superceding Indictment* (#28), ¶ 1.  The indictment further

25   alleges that members of other criminal gangs, including the Gerson Park Kingsmen, formed Squad Up

26   to engage in the foregoing criminal acts and that "this coalition allowed members and associates of

27   Squad Up to avoid detection by law enforcement, to expand turf and to enlarge drug trafficking

28   operations."  *Id.*

1    The Government argues that under § 1959, it is not required to prove a "pattern of racketeering"

2    activity as is required under RICO, 18 U.S.C. § 1962.  *United States v. Bracy,* 67 F.3d at 1430; *Tse v.*

3    *United States*, 290 F.3d 462, 465 (1st Cir. 2002).   Because it is not required to prove a "pattern of

4    racketeering activity," the Government argues that it is not required to plead specific predicate acts that

5    establish a "pattern of racketeering activity."  The Government's position appears to be correct.

6    In *United States v. Levy*, Not Reported in F.Supp.2d, 2006 WL 721515 (E.D.N.Y) *3, the court

7    states:

8            Defendant's central argument, that the Indictment is defective because
     Count One does not allege two predicate acts is unavailing.  The two

9            predicate act requirement arises from the definition of a "pattern of
     racketeering" which is a term that is contained in Section 1962, not

10           Section 1959.  Although the government must prove the existence of an
     "enterprise engaged in racketeering activity" under Section 1959, it need

11           not prove that there was a "pattern" of racketeering activity as required in
     a RICO charge under Section 1962.  *See Booth,* 1999 WL 1192317, at *5[2]

12           (collecting cases which recognize that "Section 1959 does not specify a
     particular number of racketeering acts that must be committed for there to

13           be a finding that an enterprise was engaged in racketeering activity"); *see
     also United States v. Bracy*, 67 F.3d 1421, 1430 (9th Cir. 1995) ("neither

14           the plain language of § 1959 nor the elements ... require [] the
     government to prove that the defendants engaged in a pattern of

15           racketeering activity") (citation omitted); *United States v. Fiel*, 35 F.3d
     997, 1005 (4th Cir. 1994) ("Section 1959 contains no required 'pattern'

16           of racketeering activity.").

17   The courts in *Levy* and *Booth* further state that regardless of the precise quantum of proof

18   sufficient to satisfy the racketeering requirement under Section 1959, an indictment survives a motion

19   to dismiss if it tracks the statutory language and alleges an "enterprise engaged in racketeering activity."

20   *Levy*, at *4.  *See also United States v. Garfinkle*, 842 F.Supp. at 1292, regarding what proof is required

21   to establish that an enterprise is engaged in "racketeering activity."  *Levy* and *Booth* are consistent with

22   the Ninth Circuit's statement in *Bracy* that a pattern of racketeering is not a required element of Section

23   1959 and also with the Ninth Circuit's position in *United States v. Fernandez* that a "bare-

24   bones" indictment is sufficient so long as the statute sets forth fully, directly and clearly all essential

25   elements of the crime to be punished.

26   The Court also finds that the indictment is not insufficient because it fails to identify specific

27   _____

28       [2]*United States v. Booth*, Not Reported in F.Supp.2d, 1999 WL 1192317 (S.D.N.Y.).

1   individuals who were "members" of Squad Up.  Again, the indictment is sufficient if it alleges facts to

2   support the elements of the crime.  *United States v. Fernandez.*  The indictment, here, alleges that

3   Squad Up was a criminal organization whose members and associates engaged in acts of violence

4   involving murder, attempted murder and drug trafficking.  The indictment further alleges that members

5   of other criminal gangs, including the Gerson Park Kingsmen, formed Squad Up to engage in the

6   foregoing criminal acts and that this coalition allowed members and associates to avoid detection by

7   law enforcement, to expand turf, and to enlarge drug trafficking operations.  The indictment also alleges

8   that Squad Up operated principally in Las Vegas, Nevada and North Las Vegas, Nevada, including

9   places known locally as Big Carey Arms, Little Carey Arms and 40 Block.  *Superceding Indictment*, ¶¶

10  1 and 2.  These allegations are sufficient to identify an enterprise engaged in racketeering activity.

11  Other than analogizing to *Cecil*, which did not involve an indictment under Section 1959 and which the

12  Court finds distinguishable, Defendants have not cited any case holding that the indictment must

13  identify specific other members of the enterprise.  The Ninth Circuit's decision in *Fernandez* indicates

14  that no such specific requirement exists under Section 1959 and the other cases cited above do not

15  suggest such a requirement.

### CONCLUSION

16

17      The Court therefore concludes that the superceding indictment provides a sufficient description

18  of the charges against Defendants to enable them to prepare their defense, to ensure that the Defendants

19  are prosecuted on the basis of acts presented to the grand jury, and to enable them to plead jeopardy

20  against a later prosecution.

### RECOMMENDATION

21

22      **IT IS RECOMMENDED** that Defendant Jonathan Toliver's Motion to Dismiss for

23  Insufficiency of Indictment (#28) and Defendant Donnie Bryant's Joinder in Motion to Dismiss for

24  Insufficiency of Indictment (#56) be **denied.**

### NOTICE

25

26      Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in

27  writing and filed with the Clerk of the Court within ten (10) days.  The Supreme Court has held that the

28  courts of appeal may determine that an appeal has been waived due to the failure to file objections

within the specified time.  *Thomas v. Arn*, 474 U.S 140, 142 (1985).  This circuit has also held that (1)

failure to file objections within the specified time and (2) failure to properly address and brief the

objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues

from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi*

*Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 9th day of February, 2007.

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE