UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Case No. 2:06-cr-00234-PMP-GWF |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| JONATHON LEON TOLIVER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

On December 26, 2006, on the Honorable George W. Foley, United States Magistrate Judge entered Findings & Recommendations (Doc. #51) regarding Defendant Toliver's Motion to Suppress (Doc. #33) filed October 17, 2005, in case number 2:04-cr-482-RCJ-GWF.[1]

Magistrate Judge Foley's recommendation (Doc. #51) provided as follows:

> **IT IS RECOMMENDED** that Defendant Jonathan Toliver's Motion to Suppress (#33) be **Granted**, in part, on the grounds that his statement on January 18, 2005 was obtained in violation of his *Miranda* rights and may not be admitted as evidence in the Government's case-in-chief. The Defendant's Motion to Suppress should also be granted as to the Defendant's January 15, 2005 statement which the Government concedes was obtained in violation of Defendant's *Miranda* rights and may not be admitted as evidence in the Government's case-in chief.
>
> **IT IS FURTHER RECOMMENDED** that Defendant Jonathan Toliver's Motion to Suppress (#33) be **Denied** in part, on the grounds that his statement on October 7, 2004 was given during a non-custodial

---

[1] As result of a Superceding Criminal Indictment filed in this case joining Defendant, Jonathan Leon Toliver with Defendant, Donnie Bryant, on December 13, 2006, this Court granted the stipulated dismissal of the Indictment of case number 2:04-cr-482-RCJ-(GWF), and consolidated all prior motion proceedings with this action. (See Doc. #48).

interview and may therefore be admitted in evidence in the Government's case-in-chief.

**IT IS FURTHER RECOMMENDED** that Defendant Jonathan Toliver's Motion to Suppress (#33) be **Denied** in part, on the grounds Defendant's statement on January 15, 2005 and January 18, 2005, although obtained in violation of *Miranda*, were otherwise voluntary, and therefore may be used for purposes of impeachment if Defendant testifies."

On January 6, 2007, Plaintiff, United States, filed objections to Magistrate Judge Foley's Report and Recommendations (Doc. #57) and on January 29, 2007, Defendant Toliver filed amended objections (Doc. #59).  On March 8, 2007, the Court conducted a hearing to consider the arguments of counsel for both parties with respect to their respective objections.

Defendant Toliver objects to the extent that the Findings and Recommendations of Magistrate Judge Foley provide that: (1) Toliver was not in custody when he was interrogated on October 7, 2004; and (2) the "pervasive" violations of Miranda v. Arizona, 384 U.S. 436 (1966) in the interrogations of Defendant, Toliver did not bar the use of Toliver's statements for impeachment at trial. (Doc. #59).  The Government objects to the Findings and Recommendations of Magistrate Judge Foley concerning the legality of the *Miranda* rights provided to Toliver during his interrogation of January 18, 2005.

Based upon a de novo review of the proceedings, the Court finds that the Government's objection to Magistrate Judge Foley's finding that the statement of Toliver given on January 18, 2005, were obtained in violation of *Miranda* must be overruled and Magistrate Judge Foley's Findings and Recommendations Affirmed.

Similarly, based upon a de novo review of the proceedings, the Court also finds that Defendant Toliver's objection to Magistrate Judge Foley's findings that although Defendant Toliver's statements of January 15, 2005 and January 18, 2005, were obtained in violation of *Miranda*, they were otherwise voluntary and thus may be used for purposes of impeachment must be overruled and the Findings and Recommendations of Magistrate

2

Judge Foley in this regard must be Affirmed.

The Court's de novo review of Toliver's objection to Magistrate Judge Foley's finding that Toliver was not in custody when he was interrogated on October 7, 2004, however, leads to a different result.

The Court concurs with Magistrate Judge Foley's declaration of the legal standard to be applied in assessing whether an individual is "in custody" during an interrogation, to wit: what were the circumstances surrounding the interrogation, and given those circumstances, would a reasonable person have felt at liberty to terminate the interview and leave.  Thompson v. Keohane, 516 U.S. 99, 113 (1995).  The following factors, however, cause this Court to conclude that under the Thompson v. Keohane, standard, Toliver must be deemed to have been in custody at the time of his interrogation on October 7, 2004.

> 1. Toliver was in the process of being released from the Stewart-Mohave Jail when Detectives Bodnar and Tanner approached him and asked if he would go with them to the North Las Vegas Police Department for questioning regarding some shootings.  Toliver agreed.
>
> 2. The Detectives told Toliver, "once we are done" they would take Toliver home.  Toliver's home was a considerable distance from the police department building.
>
> 3. Upon arrival at the police department, the Detectives drove their vehicle into a parking lot secured by a fence and automatically locked gate.  Once inside the police department building, the detectives led Toliver through two secure doors and into an interrogation room.
>
> 4. Toliver brought a bag of personal belongings into the building, including a cell phone, money, keys and some jewelry but the detectives took Toliver's property and put it into an office.
>
> 5. After the detectives placed Toliver into an interrogation room, they closed the door and left him there alone for approximately 40-45 minutes.  The room was windowless and contained only a table and chairs.  A video camera hung in the corner.
>
> 6. Detective Bodnar commenced the interrogation with a defective recitation of the Miranda warnings.

///

      7. At no time during the two-hour interrogation did Detective Bodnar tell Toliver that he was free to leave.

      8. Detective Bodnar presented Toliver with other witnesses' statements relating to Toliver's participation in various crimes. Bodnar challenged Toliver's answers to questions regarding the shooting incidents saying things like:
"that's not adding up"
"dude I need you to be straight with me and don't bull shit me"
"Are you sure, tell me the truth, dude"
"your story is way different from Chuck's, because Chuck told us what happened"
"Now's the time to clear all this shit up"
"Okay let me stop you because I don't want no more bull shit on this okay?"

      9. Detective Bodnar also queried Toliver repeatedly concerning the type of gun he used, where he was positioned, who participated, what prompted the defendants to shoot at the victim, and how many shots Toliver fired.

      10. The focus of the interview was on Toliver's involvement in multiple shooting incidents

      11. Toliver had no means of transportation and depended on the officers to take him home

Although the Court recognizes that Toliver had been told that he was not under arrest and was not handcuffed at the time of the interrogation, the Court finds that the foregoing factors would cause a reasonable person to feel that they were not at liberty to terminate the interrogation and leave.

IT IS THEREFORE ORDERED that the objections of the Government (Doc. #57) filed January 26, 2007, are Overruled.

IT IS FURTHER ORDERED that the amended objections to Findings and Recommendations regarding Motion to Suppress (Doc. # 59) filed January 29, 2007, on behalf of Defendant, Jonathan Toliver are Overruled in part and Sustained in part.

IT IS FURTHER ORDERED that the Findings and Recommendations (Doc. #51) entered by the Honorable George W. Foley, United States Magistrate Judge on December 27, 2006, are hereby affirmed with the exception of the recommendation that Defendant Toliver's Motion to Suppress (Doc. #33) be denied in part, on the grounds its

4

statement of October 7, 2004, was given during a non custodial interview and may therefore be admitted in evidence in the Government's case-in-chief, which Findings and Recommendations is Overruled.

  IT IS FURTHER ORDERED that Defendant Jonathan Toliver's Motion to Suppress (Doc. #33) filed October 17, 2005, is therefore Granted, except to the extent that Defendant's statement on January 15, 2005 and January 18, 2005, although obtained in violation of *Miranda*, were otherwise voluntary and may therefore be used for purposes of impeachment if Defendant testifies at trial.

DATED:  March 27, 2007.

_____
PHILIP M. PRO
United States District Judge