UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JONATHON LEON TOLIVER, ) <br> ) <br> Defendant. ) <br> ) | 2:06-CR-00234-PMP-GWF <br><br> **ORDER** |

On March 31, 2008, following trial before a jury, Defendant Jonathan Toliver was convicted of 19 criminal offenses, including Violent Crime in Aid of Racketeering (VICAR), and use of a firearm in connection with the murder of Gilbert Henry on September 13, 2004. On July 10, 2008, the Court sentenced Toliver to life imprisonment plus a total of 50 years on the 19 counts of conviction. Toliver filed a timely appeal which was dismissed by the United States Court of Appeals for the Ninth Circuit on May 21, 2010. On February 28, 2011, the United States Supreme Court denied Toliver's Petition for Certiorari.

On February 6, 2012, Toliver filed a *pro se* Motion to Vacate, Set Aside, or Correct Criminal Convictions and Sentence Pursuant to 28 U.S.C. § 2255 (Doc. #626). The Court appointed the Federal Public Defender to represent Toliver, and on May 20, 2013, Toliver's Amended Motion to Vacate, Set Aside, or Correct Criminal Convictions and Sentence Pursuant to 28 U.S.C. § 2255 (Doc. #665) was filed.

Toliver's Amended Motion has been the subject of extensive briefing. On July 10, 2014, an evidentiary hearing was conducted at which Defendant Toliver offered the testimony

of his former trial and appeal counsel, Natman Schaye. Thereafter, post-evidentiary briefs were filed, and Toliver's Amended Motion is now ripe for decision.

In Defendant Toliver's words, "the thematic problem with this case is that the Government turned violations of state criminal law into a federal case." Toliver argues that the Government contrived a hybrid gang, called "Squad-Up," to link Toliver and other co-Defendants in a racketeering enterprise which the Government knew did not exist. Thus, argues Toliver, the Government violated his due process right to a fair trial and a unanimous jury verdict.

Next, Toliver argues that the Government violated his Fifth Amendment Due Process Right to a Fair, Trial, and Sixth Amendment Right to Assistance of Counsel, by a "constant pattern of defense witness intimidation, hiding impeachment and exculpatory evidence, and affirmatively misleading Toliver about the extent of the evidence against him."

Third, Toliver argues that the Court's jury instructions on the dominant purpose prong for the racketeering charge contains directed verdict language that deprived Toliver of his Constitutional Right to Unanimous Jury. Finally, Toliver argues that he was denied the effective assistance of counsel by the deficient performance of his trial counsel, Natman Schaye.

In it's Responses to Defendant Toliver's Amended Motion and Post-Hearing Briefing (Docs. #673 and #738), the Government argues that the evidence adduced at trial proved that Squad-Up was a "racketeering enterprise" under VICAR, and that Toliver, among other things, participated in the murder Gilbert Henry for the purpose of promoting his position in the enterprise. This Court agrees.

Toliver's argument that the Government somehow contrived Squad-Up as a hybrid gang is simply not supported by the evidence in the record. Moreover, Toliver failed to raise this specific argument on direct appeal, and having failed to show the requisite cause and prejudice, Toliver's first claim is procedurally defaulted. *Withrow v. Williams*, 507 U.S. 680,

720-721 (1993), and *Massaro v. United States*, 538 U.S. 500, 504 (2003).

The Government argues that Defendant Toliver's Second and Third Grounds for relief were raised on direct appeal, and were rejected. Thus, contends the Government, Toliver's Second and Third Grounds for relief are impermissible successive claims. *Molina v. Rison*, 886 F.2d 1124, 1129 (9th Cir. 1989). Again, the Court agrees.

The record adduced at trial, and argued on the briefs and during the evidentiary hearing conducted in this case, do not support Toliver's claim that the Government engaged in a pattern of defense witness intimidation, hid exculpatory or impeaching evidence, or affirmatively misled Toliver about the extent of the evidence against him. Similarly, Toliver's challenge to the jury instructions given in this case has been fully litigated at trial, and on appeal, and the Court finds nothing raised in Toliver's instant § 2255 petition warrants a different result on the merits. Ultimately, Toliver fails to show that his trial was unfair or the verdicts reached unworthy of confidence. *Downs v. Hoyte*, 232 F.3d 1031(9th Cir. 2000).

Toliver's fourth claim of ineffective assistance of counsel was the principle focus of the evidentiary hearing conducted on July 10, 2014. The testimony of Natman Schaye, Toliver's counsel at both trial and on direct appeal, was extensive, and included several instances in which Schaye acknowledged what he now recognizes as errors or failures to do things that may have been helpful to Toliver's defense. However, viewing the testimony of Schaye in its entirety against the totality of the evidence adduced at trial, the Court finds that Schaye's representation did not fall below an objective standard of reasonableness, nor did deficiency in Schaye's performance prejudice Toliver so as to warrant relief in accord with *Strickland v. Washington*, 466 U.S. 668 (1984). As a result, the Court finds that Toliver's fourth ground for relief fails.

Finally, the Government states in its Opposition (Doc. #673), that it does not object to the relief requested in Ground 4(B) of Toliver's Amended Motion regarding merger of his four VICAR-attempted murder convictions with four corresponding VICAR-aggravated assault

convictions. These issues were conceded by the Government when raised by Defendant Toliver's co-Defendant, Donnie Bryant, on direct appeal, and the United States Court of Appeals for the Ninth Circuit ordered this Court to vacate Bryant's four VICAR-attempted murder convictions, and their corresponding 924(c) convictions. Although Toliver did not raise these issues on direct appeal, the Government states it has no objection to this Court vacating Defendant Toliver's convictions on Counts Seven, Eight, Nine, Eleven, Twelve, Thirteen, Fourteen, and Sixteen. The Court will do so, but notes further that vacating these particular counts does not impact the primary sentence received by Defendant Toliver pursuant to his conviction in Count One.

**IT IS THEREFORE ORDERED** that Defendant Jonathon Toliver's Amended Motion to Vacate, Set Aside, or Correct Criminal Convictions and Sentence Pursuant to 28 U.S.C. § 2255 (Doc. #665) is **DENIED** except to the limited extent that Defendant Toliver's convictions and sentences are vacated as to Counts Seven, Eight, Nine, Eleven, Twelve, Thirteen, Fourteen, and Sixteen.

**IT IS FURTHER ORDERED** that the Clerk of Court shall forthwith enter an Amended Judgment which eliminates Defendant's conviction and sentence for Counts Seven, Eight, Nine, Eleven, Twelve, Thirteen, Fourteen, and Sixteen.

DATED: January 21, 2015.

PHILIP M. PRO
United States District Judge